# Exhibit 2

# DECLARATION OF WARREN B. COLE

I, **Warren B. Cole,** pursuant to 28 U.S.C. § 1746, being over the age of eighteen and competent to testify about the matters contained herein, hereby declare under penalty of perjury, and state as follows, based upon records obtained from and/or filed with the Office of the Lt. Governor, Corporations Division, Government of the Virgin Islands, with the exception of matters stated and identified as being "upon information and belief."

1. I am an attorney duly licensed to practice in the United States Virgin Islands.

2. "Reed, Wible, Brown, Inc." was formed as a Virgin Islands corporation on or about October 20, 1971. Exhibit A.

3. "General Engineering Corporation" was formed as a Virgin Islands corporation on or about October 20, 1976. Exhibit B

4. "General Engineering Corporation" was merged into "Reed, Wible, Brown, Inc.", with "Reed, Wible, Brown, Inc." being the surviving corporation, on or about June 26, 1985. Exhibit C.

5. On or about June 26, 1985 "Reed, Wible, Brown, Inc." changed its name to "General Engineering Corporation." Exhibit C.

6. "U&W Industrial Supply, Inc." was formed as a Virgin Islands corporation on or about December 29, 1978. Exhibit D.

7. "General Engineering Corporation" (f/k/a "Reed, Wible, Brown, Inc.") was merged into "U&W Industrial Supply, Inc." with "U&W Industrial Supply, Inc." being the surviving corporation, on or about January 1, 1998. Exhibit E.

8. On or about December 23, 1999 "U&W Industrial Supply, Inc." changed its name to "Cosmogony II, Inc." Exhibit F.

9. According to the electronic records of the Office of the Lt. Governor, Corporations Division, Government of the Virgin Islands, there exists a Virgin Islands Corporation named "U&W Industrial Supply, Inc." Exhibit G.

10. GEC, LLC, was formed as a Virgin Islands limited liability company on or about December 29, 1999. Exhibit H.

This Declaration is executed by me in St. Croix, Virgin Islands, on April 5, 2021.

**Declaration of Warren B. Cole**
**Page 2**

Warren B. Cole

# Exhibit A

C-156-71

GOVERNMENT OF
THE VIRGIN ISLANDS OF THE UNITED STATES

CHARLOTTE AMALIE, ST. THOMAS

To All To Whom These Presents Shall Come:

I, the undersigned, LIEUTENANT GOVERNOR, do hereby certify that

REED, WIBLE & BROWN, INC.

of the Virgin Islands filed in my office on October 20, 1971, as provided for by law, Articles of Incorporation, duly acknowledged; and that a duplicate original thereof has been filed in the Office of the Clerk of the District Court of the Virgin Islands;

WHEREFORE the persons named in the said Articles, and who have signed the same, and their successors, are hereby declared to be from the date aforesaid, a corporation by the name and for the purposes set forth in said Articles, with the right of succession as therein stated.

Witness my hand and the Seal of the Government of the Virgin Islands of the United States, at Charlotte Amalie, St. Thomas, this 6th day of December, A. D., 1971.

David E. Maas
Lieutenant Governor for the Virgin Islands.

cc: Deputy Clerk of the District Court
Port Director of Customs
Department of Finance (2)

ARTICLES OF INCORPORATION

RECEIVED OFFICE OF THE LIEUTENANT GOVERNOR 1971 OCT 20 AM ST. THOMAS, V.I.

WE, THE UNDERSIGNED, all being of full age, for the purpose of forming a Stock Corporation, pursuant to the provisions of Title XIII of the Virgin Islands Code, do hereby make, sign and acknowledge the following Articles of Incorporation.

I

The name of the Corporation is REED, WIBLE & BROWN, INC.

II

The purposes for which the Corporation is formed are:

A. To buy, sell, lease, hire, exchange or otherwise deal in or acquire real estate or personal property of any kind or nature, and to own, hold, improve, manage and operate, either alone or in conjunction with others, any such property or interest therein, and to mortgage, pledge or otherwise encumber the same for corporate purposes.

B. To carry on and conduct a general construction business, including the designing, constructing, enlarging, extending, repairing, completing, removing or otherwise engaging in any work, upon power plants, industrial plants, water desalination plants and other systems and works of every description, buildings, structures, manufacturing plants and all kinds of excavation and iron, steel, wood, masonry, mechanical, electrical and earth construction and installations; to make, execute and take or receive any contracts or assignments of contract therefor or related thereto or connected therewith; and to manufacture or otherwise acquire and furnish all buildings and other materials and supplies connected therewith or required therefor; to manufacture, produce, adapt and prepare, deal in and deal with any materials, articles or things incidental to or required for or useful in connection with any of its business and generally carry on any other business which can be advantageously carried on in conjunction with and incidental to any of the matters aforesaid.

C. To employ engineers, architects, builders, contractors and any other necessary employees for the purpose of or in connection with any of the primary business of the corporation and to supply the services of the aforesaid persons to any other general contractor or manufacturer, and to act as subcontractor and to engage in and execute such subcontract in connection with the purposes of the corporation.

D. To engage in a general engineering business and in the general practice of engineering in all its branches, and in that capacity to make, conduct and supervise research, surveys, and investigations into all matters and things in the field of science and technology.

E. To export from and import into the United States of America, and its territories and possessions, and any and all

cc: Burgess 8/11
cc: Ovie Caravelas 9/27

foreign countries, as principal or agent, merchandise of every kind and nature, and to purchase, sell, and deal in and with merchandise of every kind and nature for exportation from, and importation into, the United States, to and from all countries foreign thereto, and for exportation from, and importation into, any foreign country, to and from any other country foreign thereto, and to purchase and sell domestic merchandise in domestic market and foreign merchandise in foreign markets, and to do a general foreign and domestic exporting and importing business.

F. To buy, sell, and deal in all kinds, forms and combinations of steel, iron, or other metals, or either or any of them, and in the products of steel, iron or other metals, or either or any of them, and to transact a general steel, iron and metal jobbing, distributing and mercantile business;

To acquire, own, operate, conduct, carry on, buy, sell, lease and/or dispose of one or more plants, shops, or other facilities for the treating of steel, and any other metal or similar product, to carry on, conduct and engage in any and all businesses, occupations or operations that may, from time to time, be deemed to be necessary, useful or required in the carrying out of any of the objects or purposes of this corporation.

G. To buy or otherwise acquire real estate, and to subdivide, plot and sell the same, and generally to buy, sell and deal in real and personal property of every kind and description in such manner and upon such terms as the Board of Directors may determine; to act as trustee and in every kind of fiduciary capacity, and generally to do all things necessary or convenient which are incident to or connected with the general business above mentioned, which a natural person might or could do.

H. The purposes specified herein shall be construed both as purposes and powers and shall be in no wise limited or restricted by reference to, or inference from, the terms of any other clause in this or any other article, but the purposes and the powers specified in each of the clauses herein shall be regarded as independent purposes and powers, and the enumeration of specific purposes and powers shall not be construed to limit or restrict in any manner the meaning of general terms or of the general powers of the corporation; nor shall the expression of one thing be deemed to exclude another, although it be of like nature not expressed.

III

The total authorized capital of the corporation shall consist of Fifteen Thousand (15,000) shares to be issued at no par value. There shall be one class of common stock.

IV

The corporation will commence business with a paid in capital of Ten Thousand ($10,000.00) Dollars.

V

The principal office of the corporation will be at No. 47 Sion Hill, St. Croix, U.S. Virgin Islands and the resident agent will be Peter L. Reed, at No. 47 Sion Hill, St. Croix, U.S. Virgin Islands.

VI

The existence of the corporation will be perpetual. The corporation will commence business upon the filing of the Articles of Incorporation.

VII

The corporation shall be managed by a Board of Directors composed of not less than three but not more than ten individuals who shall be elected annually for one year at the annual meeting of stockholders, except that the initial board of directors may be designated at the first meeting of incorporators thereof, and said Board of Directors is authorized to adopt bylaws for the government and administration of the corporation and from time to time amend, alter or repeal said bylaws by resolution adopted with the affirmative vote of a majority of the Board, without prejudice, however, to the right conferred by law on the stockholders to amend at any regular meeting or special meeting any bylaws so adopted or amended. A majority of qualified and acting directors shall constitute a quorum for the conduct of the business of the corporation.

VIII

The names and resident addresses of the incorporators are as follows:

| | |
|---|---|
| Peter L. Reed | No. 47 Sion Hill<br>Christiansted, St. Croix<br>U.S. Virgin Islands 00820 |
| George A. Wible | Queens Quarter Hotel<br>Christiansted, St. Croix<br>U.S. Virgin Islands 00820 |
| Irving S. Brown | Recovery Hill<br>Christiansted, St. Croix<br>U.S. Virgin Islands 00820 |

IX

In furtherance and not in limitation of the powers conferred by the laws of the Virgin Islands upon corporations organized for the foregoing purposes, the corporation shall have power to borrow money, to purchase, construct, lease or otherwise acquire, own, hold, use, maintain, operate or otherwise dispose of property of any kind or character, real, personal or mixed tangible or intangible, necessary, useful or convenient therefor, and to acquire, hold, mortgage, pledge or dispose of shares, bonds and other evidences of indebtedness and securities of the United States of America or any state, territory and municipality therein or any domestic or foreign corporation.

X

The Board of Directors is expressly authorized in addition to general powers conferred by law:

a. To fix, determine and vary, from time to time, the amount to be maintained as surplus and the amount or amounts to be set apart as working capital;

b. To authorize the issuance of shares of stock for money or money's worth, upon receipt of payment therefor;

c. To declare dividends out of the surplus profits of the corporation at their discretion;

d. Anything to the contrary herein notwithstanding, the Board of Directors shall have the right to issue additional shares of stock for the purpose of pledging the same as security for any corporate obligation.

e. To authorize the payment of compensation to the directors for services to the corporation.

XI

A director of the corporation shall not be disqualified by his office from dealing or contracting with the corporation, either as a vendor, purchaser or otherwise, nor shall any transaction or contract of the corporation be void or voidable by reason of the fact that any director or any firm of which any director is a member or any corporation of which any director is a shareholder, officer or director, is in any way interested in such transaction or contract, provided that such transaction or contract is or shall be authorized, ratified or approved either (1) by a vote of a majority of a quorum of the Board of Directors, without including in such majority or quorum any director so interested or member of a firm so interested, or (2) by written consent of the holders of record of a majority of all of the outstanding shares of stock of the corporation entitled to vote or the affirmative vote of the holders of a majority of the stock of the corporation represented at any meeting at which a quorum is present nor shall any director be liable to account to the corporation for any profits realized by or from or through any such transaction or contract of the corporation authorized, ratified or approved as aforesaid by reason of the fact that he, or any firm of which he is a member or any corporation of which he is a shareholder, officer or director was interested in such transaction or contract. Nothing herein contained shall create liability in the events above described or prevent the authorisation, ratification or approval of such transactions or contracts in any other manner permitted by law.

Any contract, transaction or act of the corporation or of the Board of Directors which shall be ratified by a quorum of the stockholders entitled to vote at any annual meeting, or at any special meeting called for this purpose, shall be valid and binding as though ratified by every stockholder of the corporation provided, however, that any failure of the stockholders of the corporation to approve or ratify such contract, transaction or act, when and if submitted, shall not be deemed in any way to invalidate the same or to deprive the corporation, its directors or officers of their right to proceed with such contract, transaction or action.

The directors and officers of the corporation shall be fully protected and indemnified against any personal liability to others that may arise by reason of any of their actions taken in good faith on behalf of or for the benefit of the corporation or any of its predecessors.

XII

In the event of the issuance of any new or additional shares of stock of the corporation, the stockholders of the corporation immediately prior to the issuance shall have the preemptive right to acquire all of such new or additional shares of stock in the proportion of their ownership of all of the issued and outstanding stock in the corporation at that time. The stockholders shall have thirty (30) days after the announcement of such offering of new stock within which to exercise the said preemptive rights to purchase.

ARTICLES XIII

No stockholder shall sell any of his common stock without first offering the same to the corporation, at the book value of the same as it appears on the corporation's accounts at the time of the proposed sale, said offer to be in writing and to include a statement of the names and addresses of the transferee or transferees to whom the stockholder intends to sell and transfer his stock if his said offer is not accepted by the corporation as hereinafter provided. Said offer and statement shall be addressed to the corporation and shall be sent by registered mail to the corporation at its principal place of business or shall be delivered personally to the president, treasurer or secretary of the corporation. The corporation shall have thirty (30) days after the date of delivery of said offer and statement to accept or reject said offer. Upon the expiration of said thirty (30) days, such stockholder may then sell said stock at not less than the price fixed in said offer to any transferee described in said statement at any time within three (3) months after the expiration of said thirty (30) days, but not otherwise or thereafter without again complying with the provisions of the paragraphs. Any transfer by way of pledge, attachment or other encumbrances are intended to be included in the prohibitions of this paragraph. The corporation, however, may waive said provisions with respect to any particular transfer.

IN WITNESS WHEREOF, we have hereunto subscribed our names and affixed our seals this 14 day of October, 1971.

In Witness:

PETER L. REED

GEORGE A. WIBLE

IRVING S. BROWN

TERRITORY OF THE VIRGIN ISLANDS )
DISTRICT OF ST. CROIX )

On this 14 day of October, 1971, before me personally came and appeared PETER L. REED, GEORGE A. WIBLE and IRVING S. BROWN, to me known and known to me to be the individuals named in and who executed the foregoing Articles of Incorporation and who duly acknowledged to me that they executed the same for the purposes therein contained.

Notary Public

# Exhibit B

C-104-77

# GOVERNMENT OF
# THE VIRGIN ISLANDS OF THE UNITED STATES

CHARLOTTE AMALIE, ST. THOMAS

## To All To Whom These Presents Shall Come:

I, the undersigned, LIEUTENANT GOVERNOR, do hereby certify that

GENERAL ENGINEERING CORPORATION

of the Virgin Islands filed in my office on. .October 20,. 1976 . . as provided for by law, Articles of Incorporation, duly acknowledged; and that a duplicate original thereof has been filed in the Office of the Clerk of the District Court of the Virgin Islands;

WHEREFORE the persons named in the said Articles, and who have signed the same, and their successors, are hereby declared to be from the date aforesaid, a corporation by the name and for the purposes set forth in said Articles, with the right of succession as therein stated.

Witnes my hand and the Seal of the Government of the Virgin Islands of the United States, at Charlotte Amalie, St. Thomas, this . .21st . . . . day of . . . . . . . October, A. D., . . . . . . . . . . . ., 19.76. .

Juan Luis
Lieutenant Governor for the Virgin Islands.

cc: Deputy Clerk of the District Court
Port Director of Customs
Department of Finance
Department of Consumer Services

# ARTICLES OF INCORPORATION

## GENERAL ENGINEERING CORPORATION

* * * * * * * *

We, the undersigned, hereby mutually agree to unite and associate ourselves as a corporation, and for such purpose we hereby make, execute and adopt the following articles of incorporation:

### ARTICLE I

The name of the corporation is:

GENERAL ENGINEERING CORPORATION

### ARTICLE II

The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of the Virgin Islands.

### ARTICLE III

The total number of shares which may be issued by the corporation is 20,000 no par value.

### ARTICLE IV

The amount of capital with which the corporation shall commence business shall be $1,000.00.

### ARTICLE V

The location of the principal office of the corporation in the Virgin Islands is No. 12 La Grande P~incesse, Christiansted, St. Croix, U. S. Virgin Islands.

ARTICLE VI

The Resident Agent of the corporation in the Virgin Islands is:

Peter L. Reed
12 La Grande Princesse
Christiansted, St. Croix
U. S. Virgin Islands 00820

ARTICLE VII

The duration of this corporation is perpetual.

ARTICLE VIII

The number of directors which shall constitute the full board shall be such number, not less than three, nor more than nine, as from time to time shall be fixed by the by-laws, and such number may be altered from time to time and in the manner provided by the by-laws. Election of directors need not be by ballot unless the by-laws so provide.

ARTICLE IX

At all meetings of the stockholders, cumulative voting shall be allowed, and each stockholder may vote by written proxy.

ARTICLE X

Subject to the provisions of Title 13, Section 71, of the Virgin Islands Code, the corporation may enter into contracts or otherwise transact business with one or more of its directors or officers, or with any firm or association of which one or more of its directors or officers are members or employees, and no such contract or transaction shall be invalidated or in any way affected by the fact that such director or directors or officer or officers have or may have interests therein that are or might be adverse to the interests of the corporation even though the vote of the director or directors having such adverse interest is necessary to obligate the corporation on such contract or transaction. No director or directors or officer or officers having such disclosed or known adverse interest shall be liable to the corporation or to any stockholder or creditor thereof or to any other person for any loss incurred by it under or by reason of any such contract or transaction nor shall any such director or directors or officer or officers be accountable for any gains or profits realized thereon. The provisions of this article shall not be construed to invalidate or in any way affect any contract or transaction that would otherwise be valid under law.

ARTICLE XI

The names and resident addresses of the incorporators are as follows:

| | |
|---|---|
| Peter L. Reed | #114 Mary's Fancy<br>Christiansted, St. Croix<br>U. S. Virgin Islands 00820 |
| Edward Elliott | Plot 1FD Estate Concordia<br>Frederiksted, St. Croix<br>U. S. Virgin Islands 00840 |
| Perry Dawson | #88 Sion Hill<br>Christiansted, St. Croix<br>U. S. Virgin Islands 00820 |

ARTICLE XII

In furtherance and not in limitation of the powers conferred by the laws of the Virgin Islands upon corporations organized for the foregoing purposes, the corporation shall have power to borrow money, to purchase, construct, lease or otherwise acquire, own, hold, use, maintain, operate or otherwise dispose of property of any kind or character, real, personal or mixed, tangible or intangible, necessary, useful or convenient therefor, and to acquire, hold, mortgage, pledge, or dispose of shares, bonds and other evidences of indebtedness and securities of the United States of America or any state, territory and municipality therein or any domestic or foreign corporation.

ARTICLE XIII

The Board of Directors is expressly authorized in addition to general powers conferred by law:

(a) To fix, determine and vary, from time to time, the amount to be maintained as surplus and the amount or amounts to be set apart as working capital;

(b) To authorize the issuance of shares of stock for money or money's worth, upon receipt of payment therefor;

(c) To declare dividends out of the surplus profits of the corporation at their discretion;

(d) Anything to the contrary herein notwithstanding, the Board of Directors shall have the right to issue additional shares of stock for the purpose of pledging the same as security for any corporate obligation;

(e) To authorize the payment of compensation to the directors for services to the corporation.

ARTICLE XIV

The Board of Directors is authorized from time to time to make and adopt by-laws, subject to the right of the majority of the stockholders to amend, repeal, alter or modify such by-laws at any regular meeting, or at any special meeting called for that purpose.

IN WITNESS WHEREOF, we have hereunto subscribed our names and affixed our seals this 6th day of October, 1976.

IN WITNESS:

Angeline M. Cox

PETER L. REED - Incorporator

EDWARD ELLIOTT - Incorporator

PERRY DAWSON - Incorporator

ACKNOWLEDGEMENT

TERRITORY OF THE VIRGIN ISLANDS)
DISTRICT OF ST. CROIX ) SS.:

On this 11th day of October, 1976, before me personally came and appeared the foregoing Incorporators, all to me known and known to me to be the persons described in and who executed the foregoing Articles of Incorporation and they did thereupon individually and severally declare unto me that they executed the same for the uses and purposes therein set forth.

WITNESS my hand and official seal on the day and year first above written.

George A. Webb
Notary Public U.S. Virgin Islands
Comm. expires Nov. 4, 1979

# Exhibit C

CERTIFICATE OF AMENDMENT
TO ARTICLES OF INCORPORATION
OF REED, WIBLE & BROWN, INC.

Reed, Wible & Brown, Inc., a corporation duly organized and existing under and by virtue of the laws of the U.S. Virgin Islands, does hereby certify that the following amendment to its articles of incorporation has been duly made and adopted in accordance with the provisions of 13 V.I.C. §222. In lieu of a meeting and vote of stockholders, the stockholders have given unanimous written consent to said amendment in accordance with 13 V.I.C. §196.

Article I of the articles of incorporation is hereby amended to read in its entirety as follows:

I.

The name of the corporation is GENERAL ENGINEERING CORPORATION.

IN WITNESS WHEREOF, the corporation has caused its corporate seal to be affixed hereto and the certificate to be executed by the undersigned officers of the corporation on this day of , 1985.

REED, WIBLE & BROWN, INC.

By: ______________________, President

______________________, Vice-President

______________________, Secretary

______________________, Treasurer

Office of the Lieutenant Governor
7/9/85

## CERTIFICATE OF RESOLUTION

The undersigned officers of General Engineering Corporation, hereby certify that at a duly called meeting of the board of directors of the corporation, held on the 26 day of June, 1985, the following resolution was moved, seconded and unanimously carried:

RESOLVED, that in accordance with the agreement of merger by and between the corporation and Reed, Wible & Brown, Inc., that upon the completion of such merger, Reed, Wible & Brown, Inc. may, at its discretion, change its corporate name to General Engineering Corporation; and

IT IS FURTHER RESOLVED that General Engineering Corporation does hereby consent to the use of the name "General Engineering Corporation" by the aforementioned Reed, Wible & Brown, Inc.

GENERAL ENGINEERING CORPORATION

[signature], President

[signature], Vice-President

[signature], Secretary

Office of the Lieutenant Governor
[signature] 7/9/85

## ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS )
DISTRICT OF ST. CROIX ) SS:

On the 26 day of June, 1985, before me personally came and appeared Peter L. Reed, who acknowledged himself to be President of General Engineering Corporation, a corporation, and that he, as such officer being authorized to do so, executed the foregoing instrument

by signing the name of the corporation by himself as
.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires: 9/18/88 ______________________
Notary Public

ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS )
DISTRICT OF ST. CROIX ) SS:

On the 26 day of June, 1985, before me personally came and appeared John B. McCallum, who acknowledged himself to be Vice-President of General Engineering Corporation, a corporation, and that he, as such officer being authorized to do so, executed the foregoing instrument by signing the name of the corporation by himself as
.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires: 9/18/88 ______________________
Notary Public

ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS )
DISTRICT OF ST. CROIX ) SS:

On the 26 day of June, 1985, before me personally came and appeared John B. McCallum, who acknowledged himself to be Secretary of General Engineering Corporation, a corporation, and that he, as such officer being authorized to do so, executed the foregoing instrument by signing the name of the corporation by himself as
.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires: 9/18/88 ______________________
Notary Public

Office of the Lieutenant Governor
7/9/85

CONSENT OF SHAREHOLDERS IN LIEU
OF SHAREHOLDER'S MEETING

The undersigned, being all of the shareholders of Reed, Wible & Brown, Inc., hereby consent, in lieu of the meeting, and in accordance with the provisions of 13 V.I.C. §196, to the amendment of the articles of incorporation of Reed, Wible & Brown, Inc. as follows:

Article I of the articles of incorporation shall be amended, in its entirety, to read as follows:

I.

The name of the corporation is GENERAL ENGINEERING CORPORATION.

In Witness:

Office of the Lieutenant Governor
7/9/85

**Joint Special Meeting of Board of Directors and Shareholders to Merge Corporation Pursuant to Plan of Merger**

---

A joint special meeting of the directors and shareholders of General Engineering Corporation was held on June 26, 1985, at the offices of the corporation.

The three directors, Peter L. Reed, Chester M. Ross and John B. McCallum and the two shareholders, John B. McCallum and Reed, Wible & Brown, Inc., were present.

Peter L. Reed, president of the corporation, presided and Chester M. Ross acted as secretary.

The secretary presented the waiver of notice of the meeting, signed by the directors and shareholders, which is attached to these minutes.

The president reported on plans for the merger of the corporation and recommended that the Corporation adopt a plan of merger.

The following resolutions were then unanimously adopted:

> RESOLVED, that the corporation shall merge with and into Reed, Wible & Brown, Inc. pursuant to the Plan of Merger, in the form attached to these minutes.

The meeting was then adjourned.

Chester M. Ross

Chester M. Ross, Secretary

**Joint Special Meeting of Board of Directors and Shareholders to Merge Corporation Pursuant to Plan of Merger**

A joint special meeting of the directors and shareholders of Reed, Wible & Brown, Inc. was held on June 26, 1985, at the offices of the corporation.

The three directors, Peter L. Reed, Chester M. Ross and John B. McCallum, were present.

Peter L. Reed, president of the corporation, presided and Chester M. Ross acted as secretary.

The secretary presented the waiver of notice of the meeting, signed by the directors and shareholders, which is attached to these minutes.

The president reported on plans for the acquisition of General Engineering Corporation by merger and the necessity for increasing the authorized common stock of the Corporation. He recommended that the Corporation adopt a plan of merger and amendments to the certificate of incorporation.

The following resolutions were then unanimously adopted:

> RESOLVED, that the certificate of incorporation be amended to increase the number of authorized shares of common stock from 15,000 to 50,000; and that the officers of the Corporation are authorized to take such action as may be necessary in order to accomplish the purpose of this resolution.
>
> RESOLVED, that the corporation shall merge with General Engineering Corporation

pursuant to the Plan of Merger, in the form attached to these minutes.

RESOLVED, that Beth Meyers be, and she hereby is, elected to the Board of Directors, pursuant to Section _____ of the By-Laws, to serve until a successor is appointed.

The meeting was then adjourned.

Chester M. Ross, Secretary

WAIVER OF NOTICE

OF

DIRECTORS' AND SHAREHOLDERS' MEETING

The undersigned, the directors and shareholders of Reed, Wible & Brown, Inc., do hereby waive notice of the Special Meeting of Shareholders and Directors of the Corporation called for the purpose of adopting a plan of merger and consent that the meeting be held at the offices of the Corporation ________________ on the 28 day of June, 1985 at 2 P.M.

Peter L. Reed

Chester M. Ross

John B. McCallum

# WAIVER OF NOTICE

# OF

# DIRECTORS' AND SHAREHOLDERS' MEETING

The undersigned, the directors and shareholders of General Engineering Corporation, do hereby waive notice of the Special Meeting of Shareholders and Directors of the Corporation called for the purpose of adopting a plan of merger and consent that the meeting be held at the offices of the Corporation ________________ on the 26 day of June, 1985 at 2 P.M.

Peter L. Reed

Chester M. Ross

John B. McCallum

Beth Meyers

REED, WIBLE & BROWN, INC.

By: ______________________
Peter L. Reed, President