DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| IRA HOBSON,<br><br>        Plaintiff,<br>v.<br><br>GLENCORE LTD.; GENERAL ENGINEERING CORP.; and GEC LLC,<br><br>        Defendants. | CASE NO. 1:21-cv-00182<br><br>JURY TRIAL DEMANDED |

## GLENCORE LTD.'S FIRST AMENDED NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Glencore Ltd. ("Glencore"), by its undersigned attorney, hereby files this First Amended Notice of Removal to supplement the record after its initial Notice of Removal, dated April 7, 2021, was timely filed. In support thereof, Glencore respectfully states as follows:

## BACKGROUND AND CITIZENSHIP OF PARTIES

1. On or about February 9, 2021, Plaintiff filed a Complaint in the Superior Court of the Virgin Islands, Division of St. Croix, captioned *Ira Hobson v. Glencore Ltd., General Engineering Corporation, and GEC LLC*, Civil No. SX-2021-CV-00087 (hereinafter the "Superior Court Action"). *See* ECF No.1, Ex. 1. Glencore received a copy of the initial pleading setting forth the claim for relief on March 8, 2021.

2. On April 7, 2021, Glencore timely removed the Superior Court Action to the United States District Court for the Virgin Islands. *See* ECF No. 1.

3. Plaintiff Ira Hobson alleges that he is a citizen of the U.S. Virgin Islands. *See* ECF No. 1, Ex. 1 ¶ 1.

4. Defendant Glencore is a Swiss corporation with its principal U.S. place of business in New York, NY. *See id.* ¶ 2.

- 1 -

5. Defendant General Engineering Corporation ("General Engineering Corp.") is alleged to be a U.S. Virgin Islands corporation, with its principal place of business in the U.S. Virgin Islands. *See id.* ¶ 3. It is no longer in existence.

6. Defendant GEC LLC (a/k/a GEC, LLC) is alleged to be a U.S. Virgin Islands company, the owners of which are citizens of the U.S. Virgin Islands. *See id.* ¶ 4.

## GROUNDS FOR REMOVAL

7. This Court has original jurisdiction over civil actions between citizens of different states in which the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

8. The amount-in-controversy requirement is satisfied. Plaintiff alleges he contracted lung disease as a result of exposure to purportedly toxic substances, for which Plaintiff is seeking compensatory and punitive damages. *See* ECF No. 1, Ex. 1 ¶¶ 8–14. Without conceding liability or the merits of Plaintiff's claims, based on these allegations, the amount in controversy exceeds $75,000.

9. Complete diversity exists among the only parties properly joined in this case: Plaintiff Ira Hobson and defendant Glencore.

10. As discussed below, the other named defendants – General Engineering Corp. and GEC LLC – have been fraudulently joined by Plaintiff.

11. "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (quoting *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006)). "'[A] defendant may still remove the action if . . . non-diverse defendants were fraudulently named or joined solely to defeat' federal jurisdiction." *Id.* (alterations in original) (quoting *Briscoe*, 448 F.3d at 216).

12. Glencore Limited is permitted to amend its Notice of Removal to clarify allegations in the original Notice. *See, e.g., USX Corp. v. Adriatic Insurance Co.*, 345 F.3d 190, 205 n. 12 (3d Cir. 2003) (permitting filing of amended notice of removal that "merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice."); *In re Paulsboro Derailment Cases (Kidd v. Consolidated Rail Corp.)*, 2014 U.S. Dist. LEXIS 38000 at *27 (D.N.J. Mar. 24, 2014) (finding that defendant could amend its notice of removal to cure technical defects in jurisdictional allegations, and that such amended notice of removal related back to the original notice of removal), *citing Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir. 1993) (affirming district court's grant of leave to amend notice of removal because "diversity jurisdiction was alleged in the original petition [for removal], [and] diversity in fact existed at the time of the original petition . . . .").

### A. Plaintiff Has Fraudulently Joined General Engineering Corp. and GEC LLC

13. General Engineering Corp. and GEC LLC have been named as defendants in this action, even though Plaintiff lacks a colorable ground for relief against either defendant, and has no intention to prosecute the action against either defendant.

#### *i. General Engineering Corp. has been defunct for more than 23 years*

14. On or about January 1, 1998, General Engineering Corporation was merged into U&W Industrial Supply, Inc., with U&W Industrial Supply, Inc. being the surviving corporation. ECF No. 1, Ex. 2, Cole Decl., ¶ 7, Ex. E. On or about December 23, 1999, U&W Industrial Supply, Inc. changed its name to Cosmogony II, Inc. *Id.* at ¶ 8, Ex. F.

15. "An entity that does not exist cannot be sued." *In re Alumina Dust Claims*, 71 V.I. 443, 459 (Super. Ct. V.I. 2019) (Molly, J.) (internal citation omitted). Plaintiff has no good faith basis for naming as a defendant a corporation that ceased to exist in 1998, when it was merged into another corporation. *See Campbell v. Bluebeard's Castle Inc.*, No. 2006-67, 2008

U.S. Dist. LEXIS 38750, at *8 (D.V.I. May 12, 2008) (interpreting V.I. Code tit. 13, § 253 "to prevent a merged corporation from being sued after the completion of the merger"). Nor does Plaintiff have any realistic expectation of pursuing General Engineering Corp. and obtaining a judgment against it. Naming General Engineering Corp. as a defendant is demonstrably in bad faith.

### ii. GEC LLC is not the "successor-in-interest" to General Engineering Corp.

16. Plaintiff does not allege that GEC LLC engaged in any of the alleged tortious conduct.

17. In an attempt to manufacture something out of nothing, Plaintiff makes the conclusory allegation that GEC LLC is the "successor-in-interest" to General Engineering Corp. Plaintiff offers no facts to support that allegation.

### iii. Plaintiff's counsel's *modus operandi* to defeat diversity is naming General Engineering Corp. with no intention of pursuing it

18. In 2011, Thomas Alkon, P.C. initiated twenty-two cases against Glencore and other defendants, alleging virtually identical claims as in the instant action. *See In re: Bauxite Containing Silica Halliday Litig. Series*, No. SX-2015-CV-00097 (V.I. Super. Ct.); *In re: Bauxite Containing Silica Charles Litig. Series*, No. SX-2015-CV-00098 (V.I. Super. Ct.). As in this case, all twenty-two complaints also named General Engineering Corp. as a defendant.

19. In each of those twenty-two cases, General Engineering Corp. was dismissed with prejudice after the time to remove had expired. *See* Decl. of Eliot Lauer ("Lauer Decl.") ¶ 6, *Glencore v. Davis, et al.*, No. 1:20-cv-00075 (D.V.I. Feb. 15, 2021), ECF No. 31-8. The inclusion of General Engineering Corp. as a defendant obstructed removal under 28 U.S.C. § 1441(b), as there was no diversity across the adversary line, which there would have been had General Engineering Corp. not been named as a party. Lauer Decl. ¶ 7.

20. At the inception of those cases, Glencore was not aware that Thomas Alkon, P.C. had no intention of pursuing General Engineering Corp. As a result, Glencore did not file any removal notices in those cases, but proceeded to defend the cases in the Superior Court.

21. On April 10, 2015, Thomas Alkon, P.C. filed a stipulation dismissing General Engineering Corp. with prejudice in those twenty-two cases. *Id.* ¶ 8. There, each plaintiff and General Engineering Corp. stated that they had "resolved their differences by way of settlement." *Id.* No settlement agreement, nor any information regarding the terms or amount of any settlement, has ever been disclosed to Glencore. *Id.* ¶ 9.

22. In those cases, apart from an answer to a First Amended Complaint, General Engineering Corp. never filed any motions or any other filings. *Id.* ¶ 10. The plaintiffs never served any discovery demands on General Engineering Corp. The only discovery provided by General Engineering Corp. was the service of Rule 26 initial disclosures. *Id.* ¶ 11. In those disclosures, General Engineering Corp. stated that only one individual had knowledge of facts related to the claims; it had no documents related to the claims; and it was not yet sure whether an insurance policy covered the alleged injuries. *Id.* It provided no other information. *Id.*

23. Thus, in the nearly four years that these cases were pending against General Engineering Corp. (2011-2015), nothing changed with respect to the plaintiffs' cases against General Engineering Corp. except the passage of time. *Id*. ¶ 12.

24. It is apparent that General Engineering Corp. was only included in these cases to destroy diversity, and that plaintiffs never had any intention of taking discovery from, much less pursuing any claims against, General Engineering Corp. After the window of time for removal under 28 U.S.C. § 1441(b) had closed, the plaintiffs dismissed all claims against General Engineering Corp. Glencore understood then that it had been victimized and deprived of its

statutory right of removal by the plaintiffs' fraudulent joinder of General Engineering Corp. as a defendant. But it was too late for Glencore to exercise that right.[1]

25. On February 12, 2019, the instant Plaintiff's counsel J. Russell B. Pate of The Pate Law Firm and Korey A. Nelson, Warren T. Burns, and Daniel H. Charest of Burns Charest LLP entered appearances in the cases originally filed by Thomas Alkon, P.C. *See* Ex. A. As co-counsel to Attorney Alkon, Plaintiff's counsel presumably studied the procedural and strategic history of those cases, including the naming by Thomas Alkon, P.C. of General Engineering Corp. as a non-diverse party, the lack of discovery from General Engineering Corp., and the subsequent dismissal of General Engineering Corp. with prejudice after the time for removal had passed.

26. Plaintiff's counsel were likewise attorneys of record in *In re Alumina Dust Claims*, 71 V.I. 443, 459 (Super. Ct. V.I. 2019), in which Judge Molloy issued his October 15, 2019 Order that under Virgin Islands law, "[a]n entity that does not exist cannot be sued."

27. It is apparent that the instant Plaintiff has no real intention in good faith to prosecute the action against, or to seek a joint judgment against, General Engineering Corp. or GEC LLC. Excluding the fraudulently joined defendants, there is diversity, and the case belongs in this Court.

28. It is apparent that the instant Plaintiff has no real intention in good faith to prosecute the action against, or to seek a joint judgment against, General Engineering Corp. or GEC LLC. Excluding the fraudulently joined defendants, there is diversity, and the case belongs in this Court.

---

[1] The manipulative strategy deployed in these 22 cases was a continuation of the strategy that had been used by Mr. Alkon in at least 18 other cases. *See* Lauer Decl. ¶ 14 & App'x A.

### B. The other procedural requirements of 28 U.S.C. § 1446 are met.

29. Glencore received a copy of the initial pleading setting forth the claim for relief on March 8, 2021. This Notice of Removal is therefore timely. *See* 28 U.S.C. § 1446(b).

30. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is simultaneously being given to Plaintiff, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Croix.

31. The consent of General Engineering Corp. and GEC LLC is not required under the unanimity rule of 28 U.S.C. § 1446(b)(2)(A). *See Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where . . . a defendant has been fraudulently joined.").

32. Glencore reserves all defenses, including but not limited to all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

Complete diversity exists among the proper, non-fraudulent parties to the above-captioned case, and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Glencore is properly removing the case from the Superior Court of the Virgin Islands to the District Court of the Virgin Islands, Division of St. Croix.

WHEREFORE, Glencore hereby removes this action from the Superior Court of the Virgin Islands, Division of St. Croix to this Court, and reserves all defenses.

Dated: May 3, 2021

/s/ Richard H. Hunter
Richard H. Hunter, Esq.
V.I. Bar No. 332

HUNTER & COLE
1138 King Street, Ste. 3
Christiansted, St. Croix VI 00820
Phone: 340-773-3535
Fax: 340-778-8241
rhunter@huntercolevi.com