IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE U.S. VIRGIN ISLANDS
ST. CROIX DIVISION

| | |
|---|---|
| Ira Hobson, *Plaintiff* v. Glencore Ltd. and Cosmogony II, Inc., *Defendants* | Case No. 1:21-cv-00182-WAL-GWC  Jury Trial Demanded |

**PLAINTIFF'S MOTION TO REMAND THIS ACTION TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS ON THE BASIS THAT COSMOGONY II, INC. WAS NOT FRAUDULENTLY JOINED**

This action should be remanded to the Superior Court of the Virgin Islands. Glencore cannot satisfy its heavy burden of proving that Plaintiff fraudulently joined Cosmogony II, Inc. ("Cosmogony") as the successor to General Engineering Corporation ("GEC").

Plaintiff named GEC as a defendant in the original complaint. Cosmogony was joined by way of amended complaint as GEC's successor as it is capable of being sued under U.S. Virgin Islands law.

In its Notice of Removal, Glencore argued that Plaintiff has no real intention to pursue his case against GEC (and Cosmogony as its successor). Its theory? That Attorney Tom Alkon did not join GEC in good faith in different cases, and that counsel herein "presumably studied" Attorney Alkon's purported bad faith. This theory is thin on facts; long on speculation.

1. **Background**

Plaintiff filed this action on February 9, 2021 in the Superior Court of the Virgin Islands. On April 7, 2021, Glencore removed the action. In the original Notice of Removal, Glencore alleged, among other things, that defendant GEC and GEC LLC were fraudulently joined in two respects.

One, GEC doesn't have standing to be sued. Two, Plaintiff has no real intention of prosecuting his claims against GEC or GEC LLC. *See* Doc. 1 at ¶¶ 13, 16–23.

Regarding the second basis, Glencore claimed that counsel to Plaintiff previously filed twenty-two suits against GEC in the Superior Court in 2011; never served any discovery on GEC; and then dismissed GEC without explanation. Glencore argued that this prior history evidenced that Plaintiff herein only added GEC and GEC LLC to defeat diversity. *Id.* at ¶¶ 17–22.

In April of 2021, counsel to Plaintiff sent correspondence to counsel for Glencore asking it to amend the Notice of Removal. Counsel noted that the allegations regarding undersigned counsel's involvement in the twenty-two actions constituted a Rule 11 violation. Glencore well knew that Attorney Tom Alkon was the sole counsel to those plaintiffs until 2019. Plaintiff's counsel were not involved in the decision to name GEC in 2011; to dismiss GEC in 2015; or to not seek discovery from GEC at any point during the pendency of the claims. *See* Exhibit A, Declaration of Warren T. Burns.

On April 23, 2021, Glencore agreed to amend its Notice of Removal. *Id.* at ¶ 7.

On April 28, 2021, Plaintiff amended his complaint as a matter of right. Among other things, the First Amended Complaint drops GEC as a defendant, and it adds Cosmogony II, Inc. as a defendant as GEC's successor. Doc. 6, at ¶ 3.

On May 11, 2021, Glencore filed its First Amended Notice of Removal ("Amended Notice"). *See* Doc. 9.[1] Therein, Glencore alleges, among other things, that GEC and GEC LLC were fraudulently joined because counsel herein "presumably studied the procedural and strategic history" of the twenty-two actions and the decisions of Attorney Alkon. *Id.* at ¶ 25.

2. **Legal Standards**

"If at any time before final judgment it appears that the district court lacks subject matter

---

[1] Glencore initially filed its First Amended Notice of Removal on May 3, 2021, *see* Doc. 8, but the Clerk corrected the docket entry and re-docketed it on May 11, 2021.

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 & 1012 (3d Cir. 1987).

Joinder is "fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (citation omitted).

As to the "no reasonable basis" prong, "A district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (citation omitted). This inquiry is less searching than for whether a claim states a claim for relief. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). "[A] claim is [not] legitimate in a jurisdictional analysis" where it is "wholly insubstantial and frivolous." *Id.* "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Id.* at 853.

As to the "no real intention" prong, motive is not a relevant consideration. *See Abels*, 770 F.2d at 32 ("The fact that the plaintiff['s] motive for joining a Doe defendant is to defeat diversity is not considered indicative of fraudulent joinder."). When considering if the plaintiff has a real intention to

prosecute a defendant, courts sometimes consider whether the plaintiff's counsel has a history of suing a defendant, not propounding discovery, and voluntarily dismissing claims for relief. *See, e.g., In re Zoloft (Sertraline Hydrochloride) Products Liability Litig.*, 257 F. Supp. 3d 717, 721 (E.D. Pa. June 20, 2017).

3. Analysis

    a. **Plaintiff has a "reasonable basis" to join Cosmogony II, Inc. as a defendant, and there are colorable grounds supporting his claim.**

Glencore's sole argument regarding the first prong is that there is no reasonable basis to join GEC because it lacks the capacity to be sued. Glencore's argument fails because GEC's successor-in-interest, Cosmogony, is also a Virgin Islands corporation.

In its Amended Notice, Glencore correctly noted that GEC (a V.I. corporation) was merged with U&W Supply Inc. (also a V.I. corporation), with the latter as the surviving entity. Doc. 9, at 14. It also correctly noted that U&W Supply changed its name to Cosmogony II, Inc. ("Cosmogony"). *Id.*

Glencore cited to *Campbell v. Bluebeard's Castle Inc.*, 49 V.I. 910, 916 (D.V.I. May 12, 2008) and *In re Alumina Dust Claims*, 71 V.I. 443, 459 (Super. Ct. V.I. 2019) for the proposition that Virgin Islands corporations that have been lawfully merged out of existence—like GEC—do not have the capacity to be sued. *See* Doc. 9 at ¶ 15. Once again, Plaintiff agrees. And ultimately, Plaintiff agrees with Glencore's conclusion that GEC lacks capacity to be sued under Virgin Islands law.

But that doesn't end the inquiry. On April 28, 2021, Plaintiff amended his complaint as a matter of right. *See* Doc. 6. In the amended complaint, Plaintiff joined Cosmogony as an additional defendant. *Id.* at ¶ 3. As alleged therein, (i) Cosmogony is the successor-in-interest to the liabilities of GEC, and (ii) Cosmogony is a Virgin Islands company. *Id.*

These revised allegations square with Glencore's recitation of GEC's corporate successorship, and they should also resolve Glencore's jurisdictional critique. As Cosmogony is an existing corporation under Virgin Islands law, it enjoys the capacity to be sued. *See* V.I. R. Civ. P. 17(b).

In the *Campbell* case cited by Glencore, the district court recognized that predecessors lose the

capacity to be sued. But it went one step further—recognizing that the successor entity is imbued with capacity. *Campbell*, 49 V.I. at 915 (looking to Delaware law for the meaning of Virgin Islands corporate law on mergers). Each of the cases cited by *Campbell* expressly state that the successor-by-merger enjoys the capacity to be sued:

- *Beam v. Monsanto Co., Inc.,* 414 F. Supp. 570, 579 (W.D. Ark. 1976) ("By virtue of a merger, the merged corporation loses its capacity to sue **to the corporation into which it has been merged**.") (quoting *Basch v. Talley Indus., Inc.,* 53 F.R.D. 9, 11 (S.D.N.Y.1971));

- *Sevits v. McKiernan–Terry,* 264 F. Supp. 810, 811 (S.D.N.Y.1966) (holding that under Delaware law, **the emerging corporation after a merger is the only corporation with capacity** to be sued); and

- *Allegany Envtl. Action v. Westinghouse Elec. Corp.,* Civ. No. No. 96–2178, 1998 U.S. Dist. LEXIS 1883, at *5 (W.D. Pa. Jan. 14, 1998) ("[U]nder Delaware law it is settled that the separate corporate existence of a constituent corporation ceases upon merger and **the emerging corporation is the only corporation with capacity to be sued** and process cannot be served on the constituent corporation.").

*Campbell*, 49 V.I. at 915–16 (cleaned up and emphasis added).

Further, the Articles of Incorporation of U&W recite that the company's "duration is perpetual." Doc. 1-3 at 6. Cosmogony, as the successor by name change only, is also perpetual. Plaintiff is entitled to rely on the veracity of the those articles. 13 V.I.C. § 5 ("A copy of the articles of incorporation or a composite of the articles of incorporation, certified by the Lieutenant Governor under his hand and seal of office, stating that the articles have been filed, shall be evidence in all courts and in any administrative proceeding in the United States Virgin Islands.").

The recital that U&W's term is perpetual controls. 13 V.I.C. § 2(a)(6) ("The articles of incorporation shall set forth . . . the period for which the corporation shall exist, if its life is limited[.]");

13 V.I.C. § 6 ("Upon the filing of the articles of incorporation and the payment of the fee, all as provided for in this chapter, the persons who have duly executed the articles, and their successors, shall, from the date of such filing, be a body corporate and politic in fact and in law in the name stated in the articles of incorporation, and by such corporate name shall have succession for the time stated in such articles."). There is no evidence in the record that the articles were subsequently changed. *See* 13 V.I.C. § 222 (requiring that any amendments be filed with the Office of the Lieutenant Governor). There is no evidence in the record that Cosmogony dissolved. *See* 13 V.I.C. § 283 (prescribing the procedure for dissolution). Nor is there evidence of forfeiture. *See* 13 V.I.C. § 289 (prescribing the mechanism for filing certified copies of dissolutions and forfeitures).

So while the corporate citizenship of GEC should not be considered, the citizenship of Cosmogony should. Glencore cannot overcome its heavy burden of proving that Cosmogony—as the successor to GEC—was fraudulently joined on the basis that it too lacks standing to be sued under Virgin Islands law.

### b. Glencore cannot meet its high burden of showing that Plaintiff has "no real intention in good faith to prosecute [his] action against [Cosmogony] or seek a joint judgment".

Glencore alleges that Plaintiff "never had any intention of taking discovery from, much less pursuing any claims against, [GEC]." Doc. 9, at ¶ 24. To support that claim, it initially alleged that Plaintiff's counsel has a history of naming GEC as a defendant and then dropping it as a defendant without having served discovery or diligently prosecuting those claims. Doc. 1 at ¶¶ 16-23. It pointed to the *Charles Series* and *Halliday Series* actions as example. *See id.* at ¶ 17.

The original Notice of Removal filed by Glencore contained three critical material misrepresentations of fact:

| Doc. / ¶ | Glencore's Factual Allegation | Plaintiff's Response |
|---|---|---|
| Doc. 1 at ¶ 17 | "In 2011, Plaintiff's counsel initiated twenty-two cases against Glencore and other defendants, alleging virtually identical claims as in the instant action." | Plaintiff's counsel *did not initiate* those lawsuits; Attorney Thomas Alkon did.<br><br>Glenore knows that Plaintiff's counsel did not represent the plaintiffs in those actions when they were filed. *See* Doc. 9 at ¶ 25. |
| Doc. 1 at ¶ 19 | "On April 10, 2015, counsel for plaintiffs filed a stipulation dismissing General Engineering Corp. with prejudice in those twenty-two cases." | Plaintiff's counsel *did not file* the stipulations for dismissal; Attorney Thomas Alkon did.<br><br>Glenore knows that Plaintiff's counsel did not represent the plaintiffs in those actions when the stipulations were filed. *See* Doc. 9 at ¶ 25. |
| Doc. 1 at ¶ 20 | "The plaintiffs never served any discovery demands on General Engineering Corp."<br><br>"It is apparent . . . that plaintiffs never had any intention of taking discovery from . . . General Engineering Corp." | Plaintiff's counsel *could not have* sought discovery from GEC. During the time that GEC was a defendant, Attorney Alkon was the lone attorney for the plaintiffs.<br><br>Glenore knows that Plaintiff's counsel did not represent the plaintiffs at any point when they maintained claims against GEC. *See* Doc. 9 at ¶ 25. |

*See* Exhibit A, Declaration of Warren Burns, Esq.

Counsel to Plaintiff brought these misstatements to counsel to Glencore's attention, noting that the misstatements were a violation of Rule 11. *Id.* at ¶ 6. In response, counsel to Glencore agreed to evaluate the allegations, and later committed to amending them. *Id.* at ¶ 7.

When Glencore filed its Amended Notice, it correctly recognized that Attorney Tom Alkon *alone* filed the twenty-two actions in 2011. *See* Doc. 9, at ¶ 18. It was Attorney Alkon *alone* who signed the stipulation dismissing GEC with prejudice. *See id.* at ¶ 21. And it was Attorney Alkon *alone* who did not serve discovery on GEC. *See id.* at ¶ 22. Indeed, counsel herein would not enter appearances **_for another four years_**. *See id.* at ¶ 25.

The Amended Notice is devoid of any evidence whatsoever—much less *clear and convincing evidence*—that Attorney Alkon's decisions should or may be imputed to the Pate Law Firm or Burns Charest. Nor does Glencore identify a sound legal basis for any such imputation.

Glencore's lone argument is that counsel herein "presumably studied the procedural and strategic history" of the twenty-two cases, including the decisions made by Attorney Alkon. *Id.* at ¶ 25. In addition to being speculative, that argument is completely irrelevant. *Studying history* is not evidence of fraudulent intent not to pursue claims against GEC or its successors-in-interest, and there is no legal theory or jurisprudence suggesting such a standard.

Even if *studying history* were relevant, Glencore is incorrect. The first time that Plaintiff's counsel learned of Attorney Alkon's strategy regarding GEC was May 15, 2021—well after this action was removed. *See* Exhibit B, Declaration of C. Jacob Gower, Esq, at ¶ 5.

And even if *studying history* were legally sufficient, Glencore's history is wrong. Attorney Alkon actually engaged in significant discovery efforts with GEC—Glencore just didn't know about it. *See* Exhibit C, Declaration of Thomas Alkon, Esq. Rather than adversarial, the discovery propounded by Attorney Alkon was informal and cooperative. Attorney Alkon previously represented GEC in litigation against Martin Marietta, and he was also friends with then-counsel for GEC—the deceased Attorney Wilfredo Giegel. *See id.* at ¶ 1.

Attorney Alkon avers that his focus was narrow. He was exclusively interested in whether GEC employees had installed or disturbed asbestos-containing insulation. *See Id.* at ¶ 2. He was not interested Plaintiff's major theory—that GEC negligently maintained the processing equipment at the Alumina Refinery. *Id.* Attorney Giegel attempted to persuade Attorney Alkon that GEC was not working with asbestos, but Attorney Alkon was not convinced. *See id.* at ¶ 3.

However, Attorney Alkon avers that he finally learned that GEC was no longer a going-concern, and rather than identify and pursue the successor, he decided to dismiss GEC. *See id.* at ¶¶

4-6. Attorney Alkon had previously lost a successorship battle in the mid-1980s, and he was disinterested in fighting that battle again, potentially in vain. *Id.* at ¶ 5. He concluded that it was no longer prudent to continue the claims against GEC. *See id.*

In any event, the Amended Notice is devoid of perspective and common sense. Attorney Alkon is 91-years old. He tried in vain to litigate the *Charles Series* and *Halliday Series* cases for a decade as an elderly man. While he is still a capable attorney, he could not manage those cases alone, and he is not litigating this action.

Undersigned counsel robustly prosecutes cases. Our team has the attorneys, the resources, and the wherewithal to diligently prosecute all claims from start to finish. We do not name defendants that we do not intend to prosecute. *See* Exhibit A, Declaration of Warren T. Burns, Esq., at ¶ 11.

*****

Plaintiff prays his motion be granted; that the Court rule Glencore has not satisfied its burden to show that GEC (and now Cosmogony) were fraudulently joined; and that this matter be promptly remanded to the Superior Court of the U.S. Virgin Islands.

**DATED:** May 28, 2020 Respectfully submitted,

/s/ *C. Jacob Gower, Esq.*
Korey A. Nelson, Esq.
C. Jacob Gower, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
jgower@burnscharest.com

Warren T. Burns, Esq.
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Phone: (469) 904-4550
wburns@burnscharest.com

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 890, St. Thomas, USVI 00804
Telephone: (340) 777-7283
Cellular: (340) 690-7283
Facsimile: (888) 889-1132
pate@sunlawvi.com
SunLawVI@gmail.com

**Counsel to Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2021, a copy of the foregoing was served via email on all counsel of record via CM/ECF.

/s/ *C. Jacob Gower, Esq.*
C. Jacob Gower, Esq.